# United States District Court
### Eastern District of Michigan

United States of America          **ORDER OF DETENTION PENDING TRIAL**
    v.

Mehdi Vatani          Case Number: 06-30193
    Defendant

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

☒ (1) I find that:
  ☒ there is probable cause to believe that the defendant has committed an offense
  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841;
  ☐ under 18 U.S.C. § 924(c).

☒ (2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☐ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

☐ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

(a) nature of the offense–**involves transportation of large amount of cocaine –no weapons or assault involved.**

(b) weight of the evidence–**traffic stop for speeding and no signaling by Sterling Heights police (Ofc. Johnson), driver (only occupant) was defendant, vehicle was rental. Canadian driver license and Alamo rental papers produced by defendant. Officer conducted pat-down and called for back up. Officer Johnson found marijuana cigarette on back seat of car; then dog arrived and indicated narcotics in vehicle. Officer conducted search of the trunk and found one or two duffle bags with clothing and what appeared to be bricks of contraband, later determined to be 41 bricks, totaling 41 kgs of cocaine. Estimated street valu**e **was $1.25 million dollars (18,000 to 25,000/ kg). No weapons found.**

(c) history and characteristics of the defendant –**per PTS, def is single, age 26, born in Iran, Canadian citizen since 1996 and resides in Canada (Toronto, Ontario). Lives with parents and two siblings. Has no family ties to U.S. His parents and three siblings reside in Canada.**

1) physical and mental condition–**reports that he is in good physical and mental health.**

2) employment, financial, family ties–**Record of regular and stable employment and strong family ties. Self-employed as owner of Artistic Rugs for two years. Income varies. Previously worked at Homa Finance & Currency, a business owned by his father. Worked at Oil Change and Royal Bank of Canada. Reports assets to PTS as including a home in Vaughn, Canada valued at $434,990; $10,000 in checking, and $27,000 in credit card debt.**

3) criminal history and record of appearance–**No arrests, convictions, or outstanding Canadian warrants. There are no U.S. charges except for this one. He has dual Canadian and Iranian citizenship.**

(d) probation, parole or bond at time of the alleged offense–**not an issue**

(e) danger to another person or community–**no evidence of this except for the amount of drugs. No violence or weapons.**

Defendant is second oldest child of parents who lived in Iran during regime of the Shah. Def's father imprisoned by Iranian authorities for four + years by new regime after the fall of the Shah. Family eventually escaped to Pakistan and in 1988 were resettled to Canada through a U.N. program for refugees. Father runs a financial business and all of family lives in Canada. Family in court. Def bought a condo in 2002 for $229,000; sold that and purchased another condo–with his money and that of his father. Has a mortgage on a condo and is purchasing a single family home. Has credit and does business with checks and bank accounts and VISA

account. Maintained line of credit for years. Def Attorney argues this shows regular financial and responsible behavior, not actions of a drug dealer or person who lives off sales of drugs. In addition, def attorney argues that there are real triable issues in the case related to the stop and the search. Atty offers an agreement to forfeit property from family members. Magistrate judge finds that this is not satisfactory. . .real property in Canada is not acceptable to assure appearance as forfeiture of same is too problematic and validity of the agreement is unclear under Canadian law and factual predicate must be determined.

Court believes that is there is equity in the various properties, from which loans or mortgages or proceeds from sale of same could be obtained and the cash posted with the clerks office instead of agreements of affidavits. The court believes that the sum of $1,000,000 (one million) may be sufficient if combined with other conditions as it is equal to the street value or wholesale value of the drugs. However, without that amount being available, the court is not inclined to speculate on what other conditions would be appropriate (reside in district, electronic tether, surrender passport, etc), and therefore, at this time, detention is ordered given the absence of U.S. ties and the amount of the drugs involved.

SO ORDERED.

**Part III – Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

*Date*   4/18/06

s/Virginia M. Morgan
*Signature of Judge*
Virginia M. Morgan, United States Magistrate Judge
*Name and Title of Judge*